CARL STRUVER AND OTHERS *v.* THE OCEAN INSURANCE CO.

An answer consisting of averments false in fact, is a sham pleading.

A pleading is irrelevant which consists of matter having no substantial relation to the subject of the controversy.

A frivolous answer is one which, assuming its contents to be true, presents no defence to the action.

Where an answer states facts which, if properly averred, might constitute a valid defence, it will not be stricken out as sham, irrelevant, or frivolous.

Defective averments in a pleading should be taken advantage of by demurrer.

APPEAL from an order made at special term striking out the defendants' answer as frivolous and irrelevant, and giving judgment for the plaintiffs, unless an amended answer was served within five days. The defendants declined to serve an amended answer, and appealed from the order.

*Charles B. Cromwell*, for the appellants.

*Lane & Roelker*, for the respondents.

By the Court, BRADY, J.—The plaintiffs have mistaken their remedy. They should have either demurred *to*, or moved *to* make the first defence set up in the answer more definite and certain. The substance of this part of the answer, if well pleaded, would be a defence to some part of the plaintiffs' claim. If the notes were given in payment of a claim arising upon a policy of insurance fraudulently procured, the plaintiffs could not succeed The question of consideration is always open between the orig inal parties to a promissory note. The distinctions between a sham, irrelevant, and frivolous answer, are settled by many authorities which will be found collected under sections 152 and 247 of the Code. Voorhies' ed. 1857. A sham answer is one that is false in fact. A pleading is irrelevant which has no substantial relation to the controversy between the parties to the action; and a frivolous answer is one which, assuming its concontents to be true, presents no defence to the action. An answer, however, which is so framed that it does not set up a valid defence, but which states facts that may, by being properly averred, constitute a defence, will not be struck out as sham, irrelevant, or frivolous, but it may be demurred to. *Alfred v. Walkins*, 1 Code Rep. (N. S.) 343. The answer in this action may be stated thus: As to $2,500 of the plaintiffs' claim, the plaintiffs are not entitled to a recovery because they obtained a policy upon a vessel they knew to be unseaworthy and did not disclose the fact, and as to the balance it is for notes given in settlement of a claim arising upon a policy and for a loss represented by the plaintiffs to be a total loss which was not true, but on the con trary, the plaintiffs sold the vessel insured, and appropriated the proceeds without accounting. If these facts were well pleaded, it seems to me that they constitute a defence to the action. It is not an answer to this view that the defendants do not show an organization which gives power to insure. The plaintiffs have

described them as an insurance company and have alleged their incorporation. Nor is it an answer that the notes are a payment of the loss, for the reason that the defence, if good at all, is one of fraud on the part of the plaintiffs, and that defence is not precluded by the settlement.

DALY, First Judge.—I agree with Judge BRADY, that this answer should not have been stricken out as irrelevant and frivolous, but that the question of its insufficiency should have been raised by demurrer. I shall not, therefore, discuss the question whether there is a sufficient averment of fraud contained in the answer, to release the defendants from the effect of an adjustment and settlement of the loss by the giving of their promissory notes, or the other matters relied upon as a defence, as I have already intimated my views upon the motion below, and it would not be proper again to consider and review the matter until after the defendants have been heard upon the demurrer.

Order appealed from reversed, with costs.

