KERR, adm'r, &c. v. McGUIRE.

Where, upon a plea of payment, the referee, on conflicting evidence, finds the defendant to be indebted to the plaintiff in a specified amount, his conclusion, upon that question of fact, is not the subject of review in this court.

A witness who has acted as a book-keeper in breweries for several years, and is necessarily acquainted with the market price of beer and ale, is competent to testify as to the market value of those articles, during certain specified years.

The general rule of practice, requiring a written notice to produce papers, has reference to the preliminary preparations for trial. The reason of the rule does not apply to a notice given in the presence and hearing of the court, while the trial is in progress, from day to day.

Thus, where, at a previous meeting before the referee, the plaintiff had given the defendant verbal notice to produce all bills rendered and receipts given to him relating to the subject of the controversy, or that parol evidence of their contents would be given; *it was held* that the notice was sufficient.

APPEAL from a judgment of the Supreme Court, entered on the report of a referee. The action was brought to

recover a balance of account alleged to be due to the plaintiff's testator for a large quantity of goods and merchandise purchased prior to the 3d day of August, 1861. The plaintiff's bill of particulars showed the claim to be for a balance of an entire account extending through a period of four months, viz. April, May, June and July, 1861. The defendant claimed to have paid the whole amount mentioned in the bill of particulars, except $20.

The questions to be reviewed arose on exceptions taken on the trial. The referee reported in favor of the plaintiff.

*Ira D. Warren,* for the appellant.

I. There was no evidence of the sale and delivery of any ale to the defendant. The "general price of ale at that brewery in 1860 and 1861," is not evidence of the market value of ale or beer alleged to have been purchased in April, May, June and July, 1861. It might have been much higher during other periods of the two years. (*Dana v. Fiedler,* 2 Kern. 40.) The price of ale and beer at Harrison's brewery is not evidence of the market value of ale and beer in the city of New York, and was improperly admitted. It is certainly improper to inquire the market price at a particular store or brewery.

II. The question put to the witness Boardman, "Do you know the general market price of ale and beer in the city of New York during the years 1860 and 1861?" was improper. It should have been confined to the months of April, May, June and July, 1861, when the beer was bought.

The next question, at fol. 35, was also improper. The witness was a book-keeper. He never bought or sold ale or beer, and never saw any bought or sold, and he was incompetent to testify to its value. The question put to the witness Kerr, at fol. 37, was improper, for the reason before stated. The beer was purchased in April, May, June and July, 1861. The question is, what was its value in 1860

and 1861, including a period of two years. (*Dana* v. *Fiedler*, 1 E. D. Smith, 462; *S. C.* 2 Kern. 40; *Lamoure* v. *Caryl*, 4 Denio, 370.)

III. The plaintiff, on cross-examination of the defendant, proved the delivery to the defendant by the plaintiff's testator of sixty hogsheads of stock ale, and then proved by the defendant that he paid the plaintiff's testator for those sixty hogsheads. The plaintiff then moved to strike out this testimony, which the referee did. In this the referee erred. The plaintiff called out new matter to charge the defendant with sixty hogsheads of stock ale. He had a right to discharge himself by proving payment, the plaintiff having called it out in answer to a direct question. The plaintiff went on and further cross-examined this witness, and then moved, to strike it out, which the referee did. In this the referee also erred. "A party's declarations in his own favor, though generally inadmissible, are evidence in his favor when called out by his opponent." This rule should be strictly applied in a case like this, where the defendant can not be a witness in his own behalf unless the plaintiff chooses to call him. (Cowen & Hill's Notes to Phillip's Evidence, latter part of note 117, and cases cited; 1 Starkie on Evidence, 144, 145, § 27.)

IV. The plaintiff, under the defendant's objection, was allowed to prove the contents of a bill alleged to have been left with the defendant. No written notice to produce the bill was ever given. Where a notice is required, it must be a written notice in all cases. (Code, § 408.) Had the notice given verbally been in writing, it would not have been sufficient. It calls for all bills and receipts, without specifying any. (*Grim* v. *Hamel*, 2 Hil. 434; *Willard* v. *Germer*, 1 Sand. 50.)

V. The finding of the referee was against the weight of evidence.

*H. W. Robinson*, for the respondent.

WRIGHT, J.   The answer of the defendant admitted the purchase from the plaintiff's testator of the ale, beer and stock ale mentioned in the complaint, and in the bill of particulars furnished by the plaintiff, but alleged that he had paid the deceased in his life time for all of the same, except a balance of about twenty dollars.   No issue was raised by the pleadings except the single one of payment.   The allegation in the answer that the price of the goods set out in the bill of particulars was more than the defendant agreed to pay the testator, and his denial of the charges, as therein stated, are not addressed to any allegations in the complaint, and are of no avail.   Upon the question of payment there was a preponderance of proof against the defendant.   At least it was a fair question presented to the referee upon conflicting evidence, whether the defendant was indebted in the amount claimed of $600, or as admitted by himself, in the sum of $20.   The referee found the indebtedness to be $600, and his conclusion upon that question of fact is not the subject of review in this court.

Various objections were interposed on the trial to questions propounded to the plaintiff's witnesses, which will be briefly noticed.   One Martin, a brewer, who was in the employ of the deceased at the time of his death, and had been for six or seven years prior thereto; who made sales and collections for deceased, who knew of the defendant's purchasing ale and who was acquainted with the prices of Harrison's ale in 1860 and 1861, was asked the question, "Did you know the general price of ale at the brewery in 1860 and 1861?"   The question was objected to, as being too general and as incompetent and improper.   No objection was made to the subsequent statement of the witness as to the principal fact, or that it was too general as to time. The exception was not available.   The question was proper enough in itself.   The ground of the objection was that it was too general, meaning that the inquiry as to time extended

over too great a period of time; but it was not shown or even suggested, that the price varied during the time, two years; and this answer, to which no objection was taken, showed that it was the same for 1860 and 1861. It is now claimed that there was no evidence of sale and delivery of any ale to the defendant, but this ground was not urged on the trial. It would indeed have availed nothing if it had been. It was substantially admitted by the pleadings, that Harrison in his life time, and before the 3d day of August, 1861, sold and delivered to the defendant divers large quantities of ale, and beer and stock ale.

A further question was put to the same witness, viz. "Did you know the general market value of ale and beer during those periods?" The ground of objection to this question was that the price of ale sold to the defendant can not be proved by proving its general market value. The objection was frivolous. It would have been equally so had it been made to the answer elicited. There was no proof of any express contract as to the price of the ale sold to the defendant, and it was clearly competent to show the market value of the articles. The same answers will apply to a similar question put to the plaintiff, Kerr. A witness named Boyd, who was a brewer, and who was in the employ of Harrison in May, 1861, made sales, and having the general superintendence of the business was asked, "Did you know the general price of ale and beer at Wm. Harrison's brewery during May, 1861, while you were there?" The objection here was that the price of ale sold to the defendant can not be proved by proving the general price at that brewery. The answer was not objected to. The question was not improper for the reason assigned. It was merely preliminary to other points, and the witness' knowledge or want of knowledge on this subject might have been immaterial unless the defendant could also be charged with act or knowledge in relation to the subject inquired of. The question was not objected to on this

ground, and no objection was made to the answer of the witness.

A witness named Boardman testified that he had been a book-keeper in a brewery over four years, a part of the time in Harrison's brewery, and knew of the defendant's purchasing ale of Harrison. He was asked, "Do you know the general market price of ale and beer in the city of New York during the years 1860 and 1861?" The question was objected to by the defendant on the ground that the witness was not competent to testify to the market value. Here again the exception was pointed to the question whether the witness had knowledge of the general market price. He had acted as a book-keeper in the breweries of the city for over four years, and was necessarily acquainted with the market price of beer and ale.

The defendant was sworn as a witness on his own behalf. The bill of particulars furnished by the plaintiff was placed in his hands, and he was asked to state whether or not he had paid for the goods therein mentioned. In the bill there was a charge under the dates of 18th and 20th May, 1861, of sixty hogsheads of stock ale at $10 per hogshead, amounting to $600. The plaintiff's counsel objected to the question as tending to inquire of the witness, who is party defendant, as to transactions had between himself and the deceased concerning which the witness was incompetent to testify.

The referee decided to hear the answer, reserving the right to the plaintiff to move to strike out the testimony if improper. The defendant answered that he had paid the whole of the bill except twenty dollars. On cross-examination the witness answered that he received the sixty hogsheads of stock ale set forth in the bill of particulars, and that he paid Harrison himself personally for them in his own store, about a week after he received them. The motion was then made to strike out all the testimony of the witness relating to transactions he had personally with the deceased, which was granted. This was not error.

The code provides that a party to an action may be examined as a witness in his own behalf, except as against parties who are representatives of a deceased person, in respect to any transactions had personally between the deceased person and the witness. (Code, § 395.) The witness was inquired of whether he had paid for the goods mentioned in the bill of particulars. There was nothing in the question indicating a transaction had personally between the defendant and the deceased, and the testimony was allowed to be taken, reserving to the plaintiff the right to move to strike out if not approved. The answer of the witness, that he had paid for all the goods, except twenty dollars, showed no transaction had between the witness and the testator. But, when the cross-examination elicited the fact that the witness, on his direct examination, as to payments, had been speaking of transactions had by himself personally with the deceased, the inadmissibility of the testimony given on the direct examination becomes apparent and was properly stricken out. The defendant's counsel does not claim that the testimony of the defendant, in respect to a transaction personally between Harrison and the witness, is admissible, but insists that the plaintiff, on cross-examination, called out new matter to charge the defendant with sixty hogsheads of stock ale, and that he had the right to discharge himself by proving payment, the plaintiff having called it out in answer to a direct question. But the plaintiff called out no new matter. The sixty hogsheads of stock ale formed part of the goods which, on direct examination, the witness testified that he had paid for; so that his attention was properly called to that item on cross-examination; and it then appears that the payments he had mentioned were transactions had personally by himself with the deceased. The motion to strike out was properly made and granted. Indeed, if it had been improperly granted, it would not necessarily have followed that there should be a new trial. It fully appears from the case that the only item in the controversy was the sixty hogs-

heads of stock ale, valued at $600. It was conceded that the ale had been received by the defendant, he claiming that $580 had been paid thereon, whilst the administrator claimed the whole amount to be due. The defendant was allowed to testify that he owed the estate of Harrison twenty dollars for stock ale, and no more, and generally that all he owed the estate was twenty dollars. So that the defendant had the full benefit of the testimony stricken out on motion in the early stage of the trial.

A witness testified that he was in Harrison's employ at the time of his death, and was also employed by the executor after his death. That he presented a bill to the defendant after Harrison's death, and left it with him. The plaintiff's counsel called for the production of the bill, and the defendant stated that he had not the bill present. The witness was then asked, "For what and for what amount was that debt?" This was objected to by the defendant, on the ground that he had no notice to produce the bill, and that the contents can not be proved by parol. The counsel for the plaintiff showed that at a previous meeting before the referee, on the reference he had given the defendant verbal notice to produce all bills rendered and receipts given to the defendant, relating to the ale in controversy, or that parol evidence of their contents would be given; the objection was overruled and the defendant excepted.

This ruling is now claimed to be erroneous, on the grounds, 1st, that the notice was verbal, a written notice being required by the code in all cases; 2d, that the notice given was not sufficiently specific. On neither ground is the exception available. The notice referred to in § 408 of the code has reference only to notices required by its provisions; and no objection was made on the trial that the notice given was not sufficiently specific.

The general rule of practice requiring a written notice to produce papers has reference to the preliminary preparations for trial. The reason of the rule does not apply to a notice

given in the presence and hearing of the court while the trial is in progress, from day to day, and the materiality and pertinency of the document is apparent, and each party is at least presumed to have present all papers bearing on the case.

I am of opinion that no legal error was committed by the referee to the prejudice of the defendant, and the judgment should be affirmed.

All the Judges concurring,

Judgment affirmed.