Morris agt. Morange.

## SUPREME COURT.

WILLIAM A. MORRIS and others, executors, &c. agt. HENRY H. MORANGE and others.

The Code (§ 332) limits the time within which *appeals* may be taken, to *thirty days*; and unless the *notice of appeal is actually served on the clerk within that time,* the right to appeal is *lost.* (*See Crittenden* agt. *Adams,* 5 *How. Pr. R.* 310, *also holding that the time of service of notice of appeal upon the clerk, when made by mail, does not date from the time of depositing in the post-office.*)

Where the *notice of appeal* was *mailed to the clerk* on the thirtieth or last day for bringing the appeal, but not *actually received* by the clerk until *four days afterwards, held,* that the notice of appeal was insufficient to give the appeal *effect;* and the court had no power to grant any relief to the appellant by which he could make his intended appeal effectual.

*Kings General Term, December,* 1863.

*Present,* BROWN, SCRUGHAM and LOTT, *Justices.*

APPEAL from an order made at special term setting aside and taking from the files the case and notice of appeal filed by the defendant Morange, on the ground of irregularity. The defendant Morange deposited in the post-office in New York, a notice of appeal in the action, addressed to the plaintiffs' attorney, " Brooklyn, E. D.," and another to " the clerk of Kings county, Brooklyn," on the 19th day of March, 1863, the day on which the time to appeal (thirty days) expired. The notice of appeal mailed to the clerk was not received by him until four days afterwards.

On the hearing of the motion at special term, Mr. Justice LOTT made the order, with his reasons therefor, as follows :

" Motion on behalf of plaintiffs to set aside and take from the files the case and notice of appeal filed by defendant Morange, on the ground of irregularity, granted with

. $10 costs, with liberty, however, to the said defendant to present the case as made by him, and the amendments proposed thereto on the part of the plaintiffs, to the justice who tried the cause, for settlement, within ten days after service of a copy of the order to be entered herein, on a previous notice to the plaintiffs' attorney of five days, and on the payment of the ten dollars costs of this motion.

" The notice of appeal was not filed with the clerk within the time prescribed, by the Code. The deposit of it, although on the thirtieth day, in the post-office, was not a sufficient service on or notice to the clerk; it having, in fact, not reached him until four days afterwards. (*See Crittenden* agt. *Adams*, 5 *How. Pr. R.* 310.) The case as presented is, therefore, one where the notice of appeal was insufficient to give the appeal effect, and does not fall within the provisions of section 327, authorizing an amendment. (*See People* agt. *Eldridge*, 7 *How. Pr. R.* 108.) I can therefore not grant any relief to the defendant by which he can make his intended appeal effectual."

H. H. MORANGE, *appellant, in person, and*
E. A. BREWSTER, *counsel.*

I. The notice of the entry of the judgment was served on the attorneys for the defendant Morange, on the 17th day of February, 1863. The notice of appeal was served on the plaintiffs' attorney and the clerk of Kings county, by mail, on the 19th day of March, 1863, or the thirtieth day after the service of the notice of judgment.

The defendant was entitled to the full thirty days to serve his notice of appeal. (*Code,* § 332.)

Service may be made by mail in all cases. (§ 410, *Code.*)

The service of the notice of appeal was therefore regular, and the order setting it aside and directing it to be taken from the files should be reversed.

II. The order is appealable. It was made in a summary

application in an action after judgment, and affected a substantial right. (*Code,* § 349, *sub.* 5.)

III. The Code contains no special provision as to the manner in which a notice of appeal shall be served on the clerk, except the general provisions in chapter 11 as to the service of papers. It does not require a personal service. It does not require that the notice of appeal shall be actually filed within the thirty days, but only that it be *served* within that time.

In the absence of any restriction, any mode of service authorized by the Code, in the case of a party or attorney, should be held sufficient in the case of service on the clerk.

The special term case of *Crittenden* agt. *Adams* (5 *How.* 310), should not be followed in this case. It is clearly wrong on one of the principal points decided in it, and contains no argument in support of the position that service cannot be made on the clerk by mail.

THEODORE F. JACKSON, *for plaintiff and respondent.*

By the court, SCRUGHAM, Justice. Section 332 of the Code requires that an appeal must be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing.

The appeal is taken by the service of a notice in writing on the adverse party, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same or some specified part thereof. (*Code,* § 327.)

The time to appeal in this case expired with the 19th day of March, 1863, and on that day the defendant Morange deposited in the post-office in New York a notice of appeal addressed to the plaintiffs' attorney, " Brooklyn, E. D.," and another to " the clerk of Kings county, Brooklyn."

The object of section 332 is to limit the time within which appeals may be taken to thirty days, and unless

notice is actually served on the clerk within that time, the right to appeal is lost.

The Code and statutes have provided that service of certain papers may be made on certain designated persons in a manner therein specified; but, in the absence of such particular statutory provision, service of a written notice can only be made by the delivery of the paper to the person upon whom it is to be served. An actual manual delivery may not be necessary, but the receipt of the paper by the person to be served is essential.

The provisions of the Code (§§ 410, 411) for service by mail, only allow such service upon parties to actions and their attorneys; and while they render the service of the notice of appeal upon the plaintiffs' attorney in this case sufficient, they have no such effect as to the notice which the defendant was required to serve upon the clerk.

The notice mailed to the clerk was not received by him until the 23d March, 1863, four days after the time to appeal expired.

The order should be affirmed.