HEBERT C. WILLIAMS *v.* THE TRADESMEN'S FIRE INSURANCE COMPANY.

The Court may at special term dismiss an appeal from the general term of the Marine Court for irregularity.    But if the proceedings are regular, the appeal must be heard at the General Term, even upon a question of jurisdiction.

The Court will permit an amendment by which an appeal may be perfected, where notice of appeal has been served.

By section 354 of the Code, the notice of an appeal from the General Term of the Marine Court, must be served upon the respondent personally, and the undertaking for costs must be executed by the appellant himself    But where it appears that the appeal was taken in good faith, and notice of the appeal was served upon the clerk of the court below, and upon the attorney who appeared for the respondent on the trial below,—*Held*, that it is within the discretion of this Court to allow the appellant to perfect his appeal, and amend his proceedings by serving a notice of the appeal upon the respondent personally, and executing a new undertaking.

APPEAL by plaintiff from an order made at Special Term on a motion made by the plaintiff to dismiss an appeal taken from the General Term of the Marine Court.

The General Term of the Marine Court had granted the plaintiff a new trial, and the cause had been set down for trial for a particular day.    After this, and before the trial, the defendant served upon the plaintiff's attorney a notice of appeal, with a copy of an undertaking.    The undertaking was not executed by the defendant.    The plaintiff moved at Special Term of this Court to dismiss the appeal on the ground that there had been no actual determination of the action by the General Term of the Marine Court, and that therefore an order grant-

ing a new trial was not appealable; also on the ground that the defendants had not executed the undertaking on their part. as required by law; and also on the ground that the notice of appeal was not served upon the plaintiff personally. The Court at Special Term, (Hilton, J.) made an order that the appeal be dismissed, with costs, unless the defendants within ten days amend the undertaking given, and serve a notice of appeal on the plaintiff as required by law.

The following opinion was given by

HILTON, J.—The respondent being a resident of the county, the notice of appeal should have been served upon him instead of the attorney who appeared on his behalf, on the trial in the Marine Court. (Code, sec. 354.)

But as it is conceded to have been served on the Clerk of the Court, and also on the attorney, and it appearing that the appeal has been taken in good faith, the defect is amendable. (Sec. 327.)

The same remark applies to the undertaking for costs given under sec. 354, which is required to be executed by the appellant.

The appellant may amend within ten days, and if he does, the costs of this motion to respondent will abide the event of the appeal.

If he does not, the motion to dismiss the appeal will be granted with costs.

As it is claimed and not denied that the Marine Court granted the new trial on the ground that the verdict of the jury was against evidence, the appeal must be heard at General Term. (*Figaniere* v. *Jackson*, 4 E. D. Smith 477.)

The plaintiff then appealed to the General Term.

*N. P. O'Brien*, for appellant.

I. The notice of appeal not having been served on the respondent (Code, § 354,) the appeal is not effectual.

II. The undertaking required by section 354 was not given, and the appeal on that ground is also ineffectual.

III. The defect is not amendable under section 327 of the Code, because the notice of appeal was not served, and also because said section does not apply to appeals from the General Term of the Marine Court to the Court of Common Pleas.

*Bradley, Mills & Woodhull,* for the respondent.

I. The defects in the service of the notice of appeal and in the undertaking were curable. (Code, § 327.)

II. This Court at Special Term has no power to dismiss an appeal on the ground that the order or judgment appealed from is not appealable. This power can be exercised by the General Term only. (*Bradley* v. *Van Zandt*, 3 Code Rep., 217.) An appeal from the Marine Court is to this Court, and must be heard at a General Term. (Code, §§ 352 and 364.) The motion to dismiss this appeal brings up the vital question in the case, namely, whether the appeal can be taken at all. If a single Judge, at Special Term, can decide this vital question, then he can perform the duties of a General Term by forever preventing the same being heard there.

III. The Marine Court in granting a new trial on the sole and only ground that the verdict was contrary to evidence, exceeded their powers. (*Figaniere* v. *Jackson*, 4 E. D. Smith, 477.) The proper remedy for the defendants, the party seeking to sustain the verdict, was by appeal to this Court. The only way of reviewing the action of the Marine Court is by appeal to this Court. (Code, § 351.)

IV. The order of the General Term of the Marine Court reversing the judgment and ordering a new trial was " an actual determination" of that General Term within the meaning of § 352 of the Code. (*Rayner* v. *Clark*, 7 Barb., 581, 582.) A judgment at General Term rendered by consent is therefore not an actual determination. (*Gridley* v. *Daggett*, 6 How. 280.) Nor is a judgment at General Term entered by default an actual determination. (*Dorr* v. *Birge*, 8 Barb., 351.) Here was an actual determination by the Marine Court at General Term. The cause was argued at length by counsel on both sides and decided after long deliberation.

By THE COURT.—BRADY, J.—The order made at Special Term in this case must be affirmed. There is no doubt of the power of this Court to permit an amendment by which an appeal may be perfected where a notice of appeal has been served. In this case the notice was served, although it was not served on the respondent. Section 327 does not provide in terms that the service must be on the party to entitle the

appellant to relief, and whether the omission to do that, where the notice has been served upon the Clerk of the Court, and the respondent's attorney, should prevent us from granting the relief asked, is a matter of discretion to be exercised by this Court. This Court may at Special Term dismiss an appeal for irregularity. The proceedings being regular, however, the appeal must be heard at the General Term even on a question of jurisdiction.

Order at Special Term affirmed with ten dollars costs to appellant, the defendant to abide the event of the appeal from the Marine Court.*

---

* See subsequent appeal in the same case, *post*.