Van Brunt, J.
As to the second ground upon which the dismissal is asked, it seems to me that the statute is complied with by a service at the office of the clerk of the court, upon a person duly authorized to receive the same, and that it is a good and sufficient service upon the clerk. It would be frequently requiring an impossibility to insist upon a personal service upon the clerk. The object of the statute is complied with by a service at the office of the clerk, upon the person in charge thereof, during office hours. I therefore think that this point is not well taken.
The third point is well taken. The statute distinctly requires service of the notice of appeal upon the respondent personally, and this cannot be dispensed with ; but an omission to make such service is not fatal to the appeal, but if the appeal is taken in good faith, has always been considered amendable (Williams v. Tradesmen’s Fire Ins. Co., 1 Daly, 322).
The first ground upon which this motion is founded seems to be of greater gravity. It has been frequently held that the court has no power, either directly or indirectly, to extend the time for the perfecting an appeal (Humphrey v. Chamberlain, 11 N. Y. [1 Kern.], 274; Wait v. Van Allen, 22 Id., 319; Salles v. Butler, 27 Id., 638); and it was urged that the attorneys had no power by stipulation to extend the time ; that the only power which an attorney has after a judgment has been entered is that conferred by statute of satisfying the same ; and that the attorneys, in stipulating to extend the time to perfect the appeal, exceeded their powers ; and that the respondent was not bound by the stipulation. This is no longer an open question in this court. In the case of Struver v. Ocean Ins. Co. (9 Abb. Pr., 23; S. C., 2 Hilt., 475), this identical question has been passed upon. The court there held that if the attorneys admitted due service of a notice of appeal, it amounted to a waiver of the objection that the notice of appeal *224 was not served in time. It seems to me that the principle involved in the case cited and the one now under consideration are identical. It is a stipulation in both cases. In the one case it is a waiver of a default already made, and in the other it is an agreement that they will waive the default and accept due service of the notice of appeal after the statutory time has expired.
The motion is granted with costs, unless the appellant desires to perfect his appeal by service of the .notice upon respondent; in which case, upon payment of the costs of this motion, he is allowed, within ten days ’ from service of a copy of this order, to serve the same nunc pro■ tunc.