WILLIAM ZINSSER *et al.* Appellants, *against* ADOLPH SEILER, Respondent.

(Decided February 4th, 1878.)

Where notice of appeal from a judgment of a District Court in the city of New York has been seasonably served on the justice, but no notice of appeal has been served on the adverse party, this court has power (under § 327 of the [old] Code of Procedure), after the time to appeal has expired, to allow an amendment to perfect the appeal by serving the notice of appeal on the adverse party.

The decision of this court in *Williams* v. *Tradesmen Insurance Co.* (1 Daly, 322), upon that point followed, and *Morris* v. *Morange* (17 Abb. Pr. 86) disapproved, and *People* v. *Eldridge* (7 How. Pr. 108), *Sherman* v. *Wells* (14 How. Pr. 522), *Bryant* v. *Bryant* (4 Abb. Pr. N. S. 138), held not to have directly decided the question.

APPLICATION made at general term for leave to appeal to the Court of Appeals from an order made by this court at general term affirming an order made by Judge ROBINSON, allowing the defendant to perfect an appeal taken by him to this court from a judgment of the First District Court in the city of New York, by serving the notice of appeal on the respondent in that appeal.

The facts upon which that order was made were as follows: A judgment in favor of William Zinsser and August Zinsser, the plaintiffs, against Adolph Seiler, the defendant, was entered in the First District Court on June 15th, 1877; the undertaking required on appeal to the Court of Common Pleas was filed and approved the same day. On July 3d,

1877, the notice of appeal was served on the justice's clerk and the plaintiffs' attorneys. No notice of appeal was served on either of the plaintiffs personally until August 14th, 1877, more than twenty days after the entry of the judgment, although both plaintiffs were residents of, and then doing business in, the city of New York.

*Lewis Sanders*, for appellants.

*Ambrose Monell*, for respondent.

CHARLES P. DALY, Chief Justice.—It has been uniformly the practice of this court since the amendment of section 275 of the Code of 1848, by the adoption of section 327 of the Code of 1849, to allow a party who has in good faith given a notice of appeal, but has failed through mistake to perfect it by serving a notice, both upon the clerk and the respondent, to perfect the appeal by the service of the additional notice upon the one upon whom it should have been served, deeming that we had power to do so by the amendment made in 1849. None of the cases referred to upon this motion, except *Morris* v. *Morange* (17 Abb. Pr. 86), have held the contrary, although containing dicta creating doubt as to the power of the court to do so. In *The People, &c.* v. *Eldridge* (7 How. Pr. 108) the question was not before the court, as no application had been made to the court below to cure the defect by a service upon the party instead of upon the attorney. In *Sherman* v. *Wells* (14 How. Pr. 522), the respondent was required to accept notice of appeal, because, the judgment having been entered before the costs were taxed, it was held that the thirty days did not begin to run until the service of a notice of the judgment, after it had been settled what amount of costs were included in it. In *Bryant* v. *Bryant* (4 Abb. Pr. N. S. 138), no notice of appeal from the order sought to be reviewed had been served, but by mistake the notice referred to a different order; and what was asked was, to allow the party to appeal after the time for appealing had expired. In *Morris* v. *Morange* (17 Abb. Pr. 86), the appel-

lant served notice upon the clerk by mail, and his application to perfect his appeal by allowing him to serve the notice regularly upon the clerk was denied. The decision was affirmed, although in reviewing it no notice is taken of the point whether the court below had the power or not to allow the appellant to perfect his appeal. The only point considered, as would seem from the opinion, was, whether a service by mail upon the clerk was sufficient. At the same time (December, 1863) that *Morris* v. *Morange* was decided, the question was brought before the general term of this court in *Williams* v. *The Tradesmen Ins. Co.* (1 Daly, 322). There, the service of the notice was upon the attorney, instead of the respondent. The appellant had been allowed by the court below to perfect his appeal, and the order so providing was, after full consideration of the point, affirmed upon appeal.

The application for leave to go to the Court of Appeals should be denied.

LARREMORE, J., concurred.

Ordered accordingly.