### KEEGAN v. SAGE.

(Common Pleas of New York City and County, Special Term. September, 1893.)

BREACH OF MARRIAGE PROMISE—SCANDALOUS ANSWER.

In an action for breach of marriage promise, an averment in the answer that plaintiff has led a profligate life; that, in consequence of her profligacy, she has frequently been committed by police magistrates; and that she has sought to mask her identity by various aliases,—is relevant on the question of damages, and is therefore not scandalous.

Action by Delia Keegan against Russell Sage for breach of marriage promise. Plaintiff moves to strike out a portion of the answer as irrelevant, redundant, and scandalous. Denied.

I. Baptist Marshall, for plaintiff.
Edward C. James, for defendant.

PRYOR, J. In a complaint for breach of promise, the plaintiff says that "she was, and ever had been, chaste, and a virgin." The defendant denies the allegation, and asserts affirmatively that she has led a profligate life. The paragraph containing this portion of the answer the plaintiff moves to strike out, as irrelevant, redundant, and scandalous. Obviously, if the allegation in the complaint be material, a denial of it can be neither irrelevant, redundant, nor scandalous. Dovan v. Dinsmore, 33 Barb. 36. On the other hand, if the allegation be immaterial, its insertion in the complaint entitles the defendant to traverse it by responsive allegations. McIntyre v. Ogden, 17 Hun, 604. But defendant, not content with putting in issue the virtuous conduct of the plaintiff, proceeds to state that, in consequence of her profligacy, she has been repeatedly committed by police magistrates, and has sought to mask her identity under a variety of aliases. Misconduct of the plaintiff subsequent to the engagement of marriage is a relevant fact in mitigation of damages. Button v. McCauley, 1 Abb. Dec. 282. But, to be available, the matter of mitigation must be pleaded, (Code, § 536,) and must be expressly stated as a partial defense, (Code, § 508.) Here the matter is not so pleaded, but is alleged generally in answer to the action. Its sufficiency in form, however, cannot be tested upon this motion. Code, § 508; Struver v. Insurance Co., 2 Hilt. 475; Dovan v. Dinsmore, 33 Barb. 87. The question, then, is whether, in substance, the matter pleaded be effectual in mitigation of damages. In other words, does it charge the plaintiff with such misconduct as shows her to be "an unfit companion in married life?" Button v. McCauley, 1 Abb.

Dec. 284. In effect, the allegations are that, by reason of her profligate life, she was committed to prison, and that, to elude justice, she disguised herself under fictitious names. This, to be sure, is matter of mitigation. If otherwise, however, the denial of the allegation in the complaint is good pleading, and its presence saves the entire paragraph from suppression, which is the express object of the motion. The matter objected to, being relevant upon the question of damages, cannot be scandalous. Story, Eq. Pl. § 270. Plaintiff's affidavit makes no case for a bill of particulars. Motion denied; costs to abide the event.