Since Mechanic's Lien Law, Laws 1897, p. 523, c. 418, § 18, requiring service of notice of the justification of sureties on an undertaking to discharge a mechanic's lien, does not provide any substitute for personal service, the service must be personal; Code Civ. Proc. §§ 796, 797, authorizing other service of papers in actions being inapplicable. Mechanic's Lien Law, Laws 1897, p. 519, c. 418, § 11, providing that service of notice of lien may be made by leaving a copy at the owner's last known place of residence, indicates the omission of a similar provision in section 18 was intentional.

In the matter of a mechanic's lien of Charles H. Boland and another, assigned to Frederick Saland, against Albert Sokolski. Motion by the assignee to disallow the justification of sureties on an undertaking to discharge the lien. Granted.

Feltenstein & Rosenstein (Abraham Rosenstein, of counsel), for the motion.

Johnson & Johnson (Lewis Johnson, of counsel), opposed.

GIEGERICH, J. The question is whether notice of justification of sureties upon an undertaking given to discharge a mechanic's lien

must be personal, or whether it is sufficient to leave such notice at the place of residence of the lienor with a person of suitable age and to mail copies thereof to the lienor.   The Legislature has power to say that the notice required as a condition precedent to the doing of an act may be given by publication or by leaving it at the place of business or dwelling house of the party to be notified; but, in the absence of such legislative provision, such notice must be personal (Rathbun v. Acker, 18 Barb. 393; McDermott v. Board of Police, 25 Barb. 635; People ex rel. Niagara Bridge & Canandaigua R. Co. v. Lockport & B. R. Co., 13 Hun, 211; Mitchell v. Clary, 20 Misc. Rep. 595, 46 N. Y. Supp. 446.

Section 18 of the mechanic's lien law (chapter 418, p. 523, Laws of 1897), which requires the service of notice in such a case as this, makes no provision for any substitute for personal service.   Sections 796 and 797 of the Code of Civil Procedure have no application, because the notice in question is not a paper in an action.   Kerr v. McGuire, 28 N. Y. 446, 453.   The fact that the Legislature in section 11 of the act provides that service of a copy of the notice of lien may be made by leaving it at the last known place of residence of the owner indicates that the omission of such a provision in section 18 with respect to a notice of the kind in question was intentional.

Motion granted, with $10 costs.