Bergan, J.
The statute regulating, appeals to this court from the Court of Claims provides two alternative methods for the service of the order or judgment which begins the running of time against the taking of an appeal (Court of Claims Act, § 25).
One method is consonant with the usual practice in the Supreme Court, by the service upon the adverse party or his attorney of the judgment with notice of entry. (Cf. Civ. Prac. Act, § 612.)
The alternative method is one peculiar to the Court of Claims. It is by the ‘ ‘ service by the clerk ” of a ‘ ‘ certified copy ’ ’ of the order or judgment. An appeal must be taken within thirty days of service made in either alternative manner (§ 25).
At the argument we were advised that for many years it has been uniform practice in the Court of Claims for the clerk to *420 serve by mail certified copies of the judgments of the court upon the parties in interest.
Here a certified copy of a judgment in favor of the claimant enclosed in a postpaid wrapper was deposited by a messenger for the clerk in the post office in the Capitol at Albany on August 24, 1949. The judgment had been entered on that day. It was directed to the attorneys for claimant at an address designated by them.
Such a designation of address was required to be made by the attorneys appearing, in pursuance of rule 11 of the Rules of Civil Practice. The rules and the Civil Practice Act apply to the Court of Claims in the absence of contrary directions in the Court of Claims Act, or in its own rules (Court of Claims Act, § .9, subd. 9).
A notice of appeal to this court was served on the Attorney-General and the Clerk of the Court of Claims on September 27, 1949, by the claimant’s attorneys seeking a review of the adequacy of the award in claimant’s favor.
This service was thirty-four days after the mailing of the certified copy of the judgment. The attorneys for the claimant state in their brief that they had sent the notice of appeal to a process server in Albany on September 19, with instructions not to make service until September 27.
The Attorney-General returned the notice of appeal on the ground that service was not timely. Claimant then moved in the Court of Claims for an order compelling acceptance of her notice of appeal. The motion was denied by that court without prejudice to its renewal here. Claimant has appealed from that order and has also moved here for an order to compel the State to accept the notice of appeal.
The claimant’s main argument is that the mailing of the certified copy of the judgment by the clerk was ineffectual as service ; that the time to appeal, therefore, has not expired.
Section 25 of the Court of Claims Act does not specify how service of the certified copy of the judgment shall be made by the clerk to start the running of time to appeal. A direction for the “ service ” of a paper ordinarily means personal service unless by statute or rule another method is allowed.
This is quite well settled in principle. Thus, in Rathbun v. Acker (18 Barb. 393) the General Term of the Supreme Court held that where the provisions of a statutory charter allowed village trustees to give notice to an owner of land to construct a sidewalk and he neglected to do so the trustees could construct *421 it and impose a tax on the owner, the “ giving of notice ” meant personal service, and mailing was not enough.
A requirement of “ notice ” of charges against a police officer was held by the Special Term to mean personal notice in McDermott v. Board of Police (25 Barb. 635, 646). A statute requiring “ notice in writing ” of an application to change a proposed railroad route be given to the company and the owners of land affected was held by the General Term to require personal service where the statute did not prescribe the form of service (People ex rel. Niagara Bridge & Canandaigua R. R. Co. v. Lockport & Buffalo R. R. Co., 13 Hun 211).
The notice of justification of sureties on an undertaking to discharge a mechanic’s lien must be served personally in the absence of a legislative prescription for other service (Matter of Boland v. Sokolski, 56 Misc. 333). (Cf. Morris v. Morange, 26 How. Prac. 247.)
In the light of this general background of what is meant by “ service ” without the definitive implementation of statute or rule, inquiry is to be directed to rule 20 of the Buies of Civil Practice, which, on this subject applies to the procedure of the Court of Claims as well as to the Supreme Court.
Its pertinent provisions are that “ a paper in an action ”, with certain expressly stated exceptions, may be served on an attorney by mailing it. The place of mailing shall be “ in the city, village or town of the party or attorney serving it.” The Clerk of the Court of Claims is not, of course, a “ party ” or an “ attorney ” in the sense that those terms are used in the rule.
But the words, in turn, are not words which delimit the service, and are merely a prescription of the place of mailing which is quite a secondary matter in the scheme of the rule. General authority is granted to serve an attorney by mailing a “ paper in an action ” to him at the address he has designated.
A certified copy of a judgment is the kind of a paper in an action which could be served by mail. The rule does not require the service be made by an attorney or a party. It merely says that the paper “ may be served ” by mail. A statutory authorization to a public officer to serve a “ paper in an action ” upon a “ party or an attorney ” would bring the officer within the general permissive authority of the language of the rule.
The place of mailing was a direction to attorneys and parties making such service. It is good enough that the public officer, who, having a statutory authority to do an act which may be done by mailing, mails the paper in the place of his official office. This, we think, is a sufficient compliance with the rule. We *422 regard the judgment to have been properly served and to have started the running of the time to appeal.
It is interesting to note that in the judicial decisions that have been considered here, beginning with that at the General Term in Rathbun v. Acker (supra, p. 395), the exception to the rule of personal service is where another mode is “ indicated ” as well as “ specified” — language which was later followed or quoted and which suggests that if there is reasonable authority for other means of service it ought to be applied liberally.
The further argument of the claimant that the time begins to run when the paper is received rather than when it is mailed is wrong on such elementary grounds as to merit no extensive treatment. The statute added three days for the service of the notice of appeal where the judgment was served by mail (Civ. Prac. Act, § 164). This does not help the claimant. The calculation is from the day of mailing which is the “ service ” through the post office. The notice of appeal was not served until thirty-four days after. We have no power of extension or extenuation.
The order should be affirmed and the motion denied, without costs.
Foster, P. J., Brewster, Deto and Coon, JJ., concur.
Order affirmed and motion denied, without costs.