## SUPREME ·COURT.

### JAMES LAMOREUX vs. HENRY MORRIS and others.

A solicitor for plaintiff in a partition suit, is not liable to be attached for not paying to one of the commissioners his fees included in the taxed bill, and collected from the defendants.

*Albany Special Term, Feb.* 1840.—This was an action of partition. The commissioner's fees had been taxed at $185, in the bill of costs made out by C. A. Pugsley, Esq., the attorney for plaintiff. J. L. Van Valkenburgh, who was one of the commissioners to make partition, applied for an order that Mr. Pugsley·pay him his share of the commissioner's fees, viz. $61.66, or that an attachment issue. It appeared that Mr. Pugsley had collected all or nearly all of the bill of costs as taxed, and that demand from Mr. Pugsley had been made by the petitioner.

O. ALLEN, *for petitioner.*

H. G. WHEATON, *for Mr. Pugsley.*

PARKER, Justice.—This court has held that the attorney is liable for sheriff's fees, upon the ground that the sheriff is obliged to serve process. (1 Caines, 192; 5 John. R. 255, 368; 4 Wend. 474.) A different rule prevails in Vermont, (1 Ver. R. 101,) but I believe in this state it has never been decided that the attorney was liable for witnesses', referee's or commissioner's fees. In *Howell* v. *Kinney*, 1 How. Pr. Rep. 105, it was decided that the attorney was not liable for referee's fees. I think the petitioner could not have recovered if he had brought an action against the solicitor. The solicitor received the money for the plaintiff. He was bound to pay it over to the plaintiff, or to account for it on settlement with him. There is no doubt of the plaintiff's liability to the petitioner.

But the petitioner asks for a remedy·by attachment. To this certainly he is not entitled. There is no relation here between the solicitor and the petitioner, as between attorney and client. There is no

violation of confidence and no breach of trust. The money was collected for the plaintiff, and not for the petitioner. The latter had no agency in or control over its collection. The solicitor and the petitioner were both officers employed to perform several and different duties in the progress of the cause, but I do not see that they have any claims on each other. They can apply only to the plaintiff, and not to each other, for compensation.

Motion denied, with costs.