## SCHUHARDT a. ROTH.

*Suprème Court, First District; Special Term, March, 1860.*

ENTRY OF JUDGMENT.—SERVICE BY MAIL.

Where service by mail may be made, an order extending time to answer obtained and mailed on the last day of the time to answer, is sufficient to prevent the plaintiff from regularly entering judgment as upon failure to answer.

Though defendants show no excuse for not earlier attending to the action, and there is some color for supposing their object to have been delay, yet where they are strictly regular in the service of an order extending their time to answer, they are entitled to the benefit of the order.

Motion on the part of defendants to vacate a judgment and execution for irregularity.

It appeared that plaintiff's attorneys resided in New York, and defendants' attorneys in Troy. The time to answer expired January 16, 1860. On that day defendants' attorney, at Troy, obtained an order extending the time to answer twenty days, and duly served such answer by mail; that is, by depositing the same in the post-office at Troy, directed to plaintiff's attorneys, at New York, and paying postage. The order was not received by plaintiff's attorneys until 18th January, after they had, on that morning, entered judgment in the action, and issued execution, and they then gave defendants' attorneys notice that the papers so served would be disregarded.

*J. Francis Walton*, for the motion.—I. Under sections 410 and 411 of the Code, the service was valid, even though the papers served were deposited in the post-office after the closing of the mail on the last day. (Noble a. Trotter, 4 *How. Pr. R.*, 322.)

II. This motion is made as a matter of right and not of favor, and affidavits showing that the order extending time was improvidently granted are inadmissible.

*James W. Gerard, Jr.*, opposed, claimed that plaintiffs, having entered judgment in ignorance of any order extending time to answer, and in good faith, were not obliged voluntarily to relinquish their judgment; and submitted that the court ought not to open the judgment except upon terms.

BONNEY, J. (after stating the facts).—The motion must, I think, be granted. The service of the order was regular, and in time to stay plaintiff's proceedings, although not received until two days afterwards, and after judgment had been regularly and properly entered, according to all information which plaintiff's attorneys then had. The defendants show no cause why earlier attention to the action was not given, and there is reasonable ground, at least, for believing that their object was delay. Still they were strictly regular (*Code*, §§ 410, 411), and entitled to the benefit of the order, on receipt of which plaintiff's attorneys should, I think, have moved to vacate it, or have opened the judgment and waited for an answer.

Motion granted, with $10 costs, to abide the event of the action.