JOSEPH FITZGERALD *vs.* ISAAC S. BURRILL & another.

If a clerk at the post-office receives from J. S. a letter containing money, to be sent by mail as a registered letter, under a mutual mistaken belief that letters can be registered to the place to which it is addressed, and then, on discovering the mistake, sends it by mail unregistered, by direction of his superior officer, and it is lost, they are liable to J. S. for its value.

CONTRACT against Isaac S. Burrill and Robert A. Backup, for money had and received; with alternative counts in tort for the conversion of a letter and five pieces of gold coin therein contained. · At the trial in the superior court, before *Reed,* J., the following facts were proved or admitted:

" On March 5, 1869, the plaintiff, who was a stranger to the defendants, brought to the post-office, at the Roxbury station in the city of Boston, a sealed letter, addressed to ' Edward Fitzgerald, Havre de Grace, Newfoundland,' containing gold to the value of $32.25, and asked the defendant Backup, who was a clerk at the office, then on duty, and a part of whose business it was to register letters there, to have it registered and sent as a registered letter to that place. The clerk thereupon undertook to register it, and signed and gave to the plaintiff a receipt for a registered letter, written upon a printed form, of which the following is a copy: ' Receipt for a Registered Letter. No. 95, March 5, 1869. Post-office, Roxbury, Mass. Received of John Fitzgerald a letter addressed to Edward Fitzgerald, Newfoundland. (Signed) W. L. Burt, per R. A. B., P. M.' The plaintiff paid Backup the postage and a registration fee required of him, and gave no other or further instruction to Backup than as aforesaid. On the same day Backup sent the letter to the main

office, in Boston, and the day afterwards it came back to the Roxbury office, indorsed ' Cannot be registered.' This was the first information which the defendant received that letters could no longer be registered for Newfoundland. The defendant Burrill, who was chief clerk in the Roxbury office, being made acquainted with these facts, advised Backup to keep the letter a few days; and it was kept at the Roxbury office accordingly from six to ten days, nothing being done to find the plaintiff except that some of the letter carriers were directed to make inquiries for him. At the end of the six to ten days, Burrill asked Backup if the person who mailed the letter had been there; and then told Backup to send the letter by the usual course of the mail. Backup thereupon put the letter in the ordinary, unregistered mail, and sent it away, and it was lost. It was in evidence that, at that time, the postal regulations did not permit letters to be registered for Newfoundland. The plaintiff, about a month after leaving the letter, hearing of its non-arrival at its destination, called at the Roxbury office, and, on learning the final disposition which was made of the letter, demanded its return of the defendants, which was refused."

On these facts, the judge ruled that the action could be maintained against Backup but not against Burrill, and by request of the parties reported the case before verdict; " if the above ruling was correct, judgment to be entered accordingly, and if not correct, such judgment to be entered as the supreme judicial court shall order."

*J. R. Churchill,* for the plaintiff.

*S. A. Bolster,* for the defendants.

CHAPMAN, C. J. The letter was delivered by the plaintiff, and received by Backup, with the agreement that it should be sent by mail as a registered letter. Both of them were mistaken in supposing that this could be done. When it came back from the Boston office to the possession of Backup, with the information that it could not be thus sent, he held it as bailee of the plaintiff without compensation, and owed the plaintiff merely the duties growing out of such a relation. But he had no authority, express or implied, to send it by mail as an unregistered letter,

and subject the plaintiff to the risk of losing it in that way. The plaintiff had not left it with him for such a purpose. Nor had Burrill any authority to direct him to send it in that way. It was unlike a letter left at the office without any instructions, for in such case there is an implied direction and authority to send a letter according to its superscription.

The report states that Burrill, after having advised Backup to keep the letter a few days, spoke to him again about it, at the end of from six to ten days, and, after inquiring about it, told Backup to send it by the usual course of mail. This expression would authorize the jury to find that Backup sent it by Burrill's direction. The ruling of the presiding judge, that the action could not be maintained against Burrill, was therefore erroneous; and, it not having been agreed that the court might pass upon this question of fact, and order judgment against Burrill, the proper order is, that judgment is to be entered upon the report against Backup, and a new trial is to be had as to Burrill.

*Ordered accordingly.*