## EDWARD H. WILSON et al. v. C. BASKET et al.

1. CHANCERY — NOTICE — TRANSMITTAL BY MAIL. — Copy of order of court requiring non-resident defendants to appear and defend, etc., being, by the clerk, mailed, postpaid, to their address, and the fact reported to the court and report filed, according to § 1013 of the Code of 1871, and a decree, *pro confesso*, and final decree having been rendered against said defendants, and they not having appeared and applied to set aside these proceedings, the decree is affirmed.

ERROR to the chancery court of Leflore county. HOOKER, Chancellor.

The opinion of the court contains a sufficient statement of the case.

The following are the errors assigned:

1. That the plaintiff in error, Edward H. Wilson, was not properly in court when the decree *pro confesso* and final decree were rendered.

2. That the clerk did not make any report in writing to said court, that he had mailed a copy of publication to any of the non-resident defendants.

3. That the record does not show legal notice, of the pendency of this suit to the plaintiffs in error.

*Summerville & Yerger*, for plaintiffs in error,

Insisted that, for the errors assigned, the decree of the court below should be reversed, citing Foster v. Simmons, 40 Miss. 586; Bacon et ux v. Bevan, 44 ib. 293; Steen v. Steen, 25 ib. 514; 42 ib. 210.

*H. S. Allen*, for defendants in error,

Contended, that, under the circumstances, it must be presumed that the plaintiffs in error had due notice of all the proceedings, citing Monk v. Horne, 39 Miss. 103; Dogan et al. v. Brown, 44 Miss. 235, 452; Pounds v. Gartman, 29 Miss. 133; 2 S. & M. 535; 1 How. (Miss.) 163.

Tarbell, J.:

The defendants in error instituted proceedings in the circuit court of Leflore county, against the plaintiffs in error, for the partition of real estate situated in said county. Proof was made that, of the defendants in said proceeding, Edward H. Wilson resided in New Orleans, La., and William P. Lampley in Jefferson, Texas. An order of publication as to non-residents was made, and it was therein provided "that a copy thereof be mailed, post-paid, to said Edward H. Wilson and William P. Lampley, directed to their post-offices as aforesaid." At the proper time a decree *pro confesso* was entered against the defendants in the action, in which

decree it is recited as follows: "And it further appearing that a copy of the order requiring said Wilson and Lampley to appear and answer said bill has been duly mailed to said Wilson at New Orleans, La., and to said Lampley at Jefferson, Texas," etc.

Thereupon, the case proceeded to final decree, in accordance with the prayer of the petition. From this decree a writ of error was prosecuted to this court, where it is assigned, for cause of reversal, that "the record does not show legal notice of the pendency of this suit to the plaintiffs in error."

Counsel insist that the following jurisdictional facts must appear in the record:

1. An affidavit of non-residence, giving the address of the party, if it can be ascertained.

2. The order of the court for publication.

3. Proof of publication.

4. The report, in writing, of the clerk, that a copy of the order has been mailed to the defendant (where his address is designated), and this report filed with the papers of the cause.

The Code of 1871, § 1013, after providing for publication in case of non-resident defendants, proceeds: "But if the post-office can be fixed, then the clerk of the court shall transmit, by mail, to such post-office, properly directed, with the postage paid, a copy of such order; and the clerk, having done so, shall report the fact, in writing, and file the same in the papers of the cause, signing his name thereto, and stating the date of such transmission."

An analysis of this statute shows that the substantial act to be done is the mailing of a copy of the order of publication. The report of the clerk is not made proof of such mailing. Neither is such report made the basis of further proceeding in the cause. But, according to the terms and language of the statute, an additional duty only is imposed on the clerk. For aught that

appears on the face of this law, proof of mailing a copy of the order of publication may be made in either of several modes, of which the report of the clerk is not one. The return of service of process by which courts of law and equity acquire jurisdiction is not analagous. Plainly, under this statute, "if the post-office can be fixed, then the clerk of the court shall transmit, by mail, to such post-office, properly directed, with the postage paid, a copy of such order," and the clerk, "having done so," shall report the fact, in writing, which shall be filed. It is not, in terms, stated that the court shall be thus informed of such mailing as an authority for further proceedings; but such report must be made and filed, and yet other modes of proving such mailing may be adopted. The duty of making and filing the report is required of the clerk, but the report is not made proof of the performance of that duty, nor is it imposed as a basis of jurisdiction, or of action by the court.

But it does not appear that these plaintiffs in error have applied to the chancellor to set aside the *pro confesso* on the ground of defective service, or otherwise. Such an effort, made in good faith, and on an allegation of non-receipt of notice by mail, would, though unsuccessful, strengthen their claims to consideration.

In addition to the recital in the final decree, there is a certificate of the clerk attached to the record, in which a copy of the notice is certified to have been mailed, postage paid, to Wilson, at New Orleans, La., and to Lampley, at Jefferson, Texas, May 7th, 1872. The decree, *pro confesso*, and final, was rendered June 19, 1872.

*Decree affirmed.*