## Albert H. Clark and another v. James C. Adams and others.

*Log-lien law construed: Personal judgment.* The log-lien law (*Sess. L. 1873, p. 466*) is a very crude and imperfect statute, and, if practicable at all as a law, can only be safely applied to the simplest cases. It contemplates proceedings in the nature of a suit *in rem* to enforce a lien, and not one for the recovery of personal damages; and a personal judgment is not authorized.

*Construction of statutes.* This statute, being one conferring a new right to be enforced by a summary remedy, is to be construed strictly, and all material preliminaries to the right of suit must be complied with, and the record must show it.

*Declaration: Allegation of notice: Service by mail.* An allegation, in the declaration under this statute, that the plaintiffs, on a day named, "caused

to be mailed to each of said defendants a notice of the filing of said petition or statement, as required by the act aforesaid," is not an explicit statement of the service of such notice "by depositing the same in the postoffice, directed to the owner of the logs or timber, his agent or attorney, at his or their place of residence, and paying the full postage thereon," which is the mode of service by mail expressly specified by the statute.

*Declaration: Allegation of notice: Denial on oath: Admission.* The provision of the statute that the plaintiff shall allege the filing of the application or petition for a lien, and that all allegations relating thereto shall be taken to be true unless expressly denied under oath in the answer, does not operate to require a denial of notice on oath in order to put the plaintiff to proof of such notice as the statute specifies.

*Service of notice by mail: Evidence.* An offer to prove that the plaintiffs on a day named caused to be mailed to each of the defendants a notice in the words and figures following, etc., is not an offer to show such service by mail as the statute requires, in that it does not include a proposal to show that the notice was directed to each defendant at his place of residence, or that full postage, or any postage, was paid; and such defect in the proof of service is fatal.

*Service by mail.* It is a general rule that when service is sought to be made by mail it should appear that the conditions on which the validity of such service must depend had existence, otherwise the evidence must be deemed insufficient to establish the fact of service.

*Submitted on briefs November 3.   Decided January 5.*

Error to Bay Circuit.

*Holmes, Haynes & Stoddard,* for plaintiffs in error.

*Hatch & Cooley,* for defendants in error.

GRAVES, J:

The plaintiffs claim that under certain special contracts made with defendants the latter became indebted to them in a large sum for cutting, banking, running and booming several millions of feet of pine logs, and for unusual expenses and on account of supplies provided at defendant's expense, and they allege that on the footing of this specific indebtedness they proceeded on the 5th of June, 1874, to file a statement or petition with the clerk of the circuit court for Bay County in order to fix a lien upon the logs pursuant to the act entitled "an act establishing a lien for labor and services upon logs and timber," approved April 29, 1873.—*Laws of 1873, p. 466.* This case was begun by

attachment under this enactment. Several questions are agitated on the record, and a mere glance at the case suggests many more. But as the controversy may be disposed of on a single ground, it is not expedient to spend time in discussing others. The suit was a miscarriage from the beginning, and on whatsoever grounds the court below gave judgment against the plaintiffs, there must be an affirmance. The statute in question reads more like a rough sketch or rude outline of a bill intended to be proposed, than it does like a perfected act, and if practicable at all as a law, there must be great difficulty in applying it safely to any except the simplest cases. It is well known that the first garnishee enactment in this state was produced by the passage, without change, of a mere sketch of some leading provisions of a proposed bill, and it is quite possible that this law may have crept into the statute book through similar inadvertence. Without entering into any general criticism of the statute, it is plain that it contemplates a specific lien for a specific kind of claim, and an enforcement by means of a particular proceeding.

The right and remedy are bound up together and must be construed together. By general reference, it is true, the act borrows from the general law in regard to attachment, but this has no force to duplicate the redress. The proceeding is still distinct from the general attachment law, and the basis of it and the quality of the remedy and the result must depend upon the particular statute. A suit under this law must be carried out under it, and it is one *in rem,* to enforce a lien, and not for the recovery of personal damages. Under no circumstances can the party prosecuting the proceeding go on and use it as a suit commenced by summons for the recovery of damages, as may be done in particular cases under the general attachment law. The separation is by a broader difference than exists between replevin generally and replevin for beasts distrained, and quite as broad as that between a bill for divorce and one for damages. A personal judgment is not authorized.

33 MICH.—21.

CLARK v. ADAMS.

The leading feature of the act is to give one a right to hold the property of another upon a claim of having performed work or service about such property, and when no lien, or right to hold the property, would exist otherwise. Now it cannot be doubted but a party undertaking to assert this right of lien, the right to hold the property of a another upon a bare claim for work or services about the property, must be held to a strict compliance with the legal provisions in regard to the nature of the claim and the steps prescribed for the institution and perfection of the lien, and as the right and remedy both arise out of the statute and must go together, all material preliminaries to the right of suit must appear to have been carried out strictly.

I do not pause to consider the objection, that the claim put forward and alleged in the declaration was not one upon which a lien could be established under the statute, nor the objection, that the declaration contained no cause of action under this law because it did not show upon its face that the steps indispensable to the establishment of a lien and the steps indispensable to the founding of a suit were taken. A question arises in regard to a proceeding prior to the declaration and indeed prior to the commencement of the suit, and one which is expressly made necessary before any suit to enforce the lien is begun. By section nine it is enacted, that before any suit shall be commenced to enforce such lien, the person or persons claiming such lien shall give the owner or owners of the logs or timber a notice in writing of the filing the application or petition, the amount and other particulars described; and care is taken to prescribe the manner in which the notice must be given to bring it home to the parties interested, and this is very essential. It declares that "such notice may be served personally, or by depositing the same in the postoffice, directed to the owner of the logs or timber, his agent or attorney, at his or their place of residence, and paying the full postage thereon; and if personally served, notice shall be given five days previous to commencement of suit, and if by mail, no

CLARK *v.* ADAMS.

action shall be commenced until fifteen days after the mailing of the same."

The only statement in the declaration concerning the giving of notice of the filing of the claim of lien is, that "on the first day of July, 1874, they (plaintiffs) caused to be mailed to each of said defendants a notice of the filing of said petition or statement, as required by the act aforesaid," referring to the statute before mentioned. This it will be observed does not explain the mode of mailing, and does not show that the notice was directed to the place of residence of the party, nor that full payment of the postage was made.

The allegation would not be false if the notices were wrongly or mistakenly directed, or if prepayment of full postage was omitted.

Now the ninth section, before cited, says that "the plaintiff shall allege in his declaration the filing of such application or petition for a lien, and all allegations relating thereto shall be taken to be true, unless expressly denied by the defendant, his agent or attorney, in his or their answer under oath." There was no denial on oath of notice; but in construing such an act as this, it would be going too far to say that the expression, "and all allegations relating thereto," in view of its generality and grammatical relation, must be held to require a denial of notice on oath, in order to put the plaintiff to proof of such notice as the statute specifies. Indeed it would be somewhat strange to require a defendant, on peril of admission, to swear that the plaintiff did not mail a letter directed to him at his abode, and prepay full postage upon it, and very explicit terms would be required to justify a court in holding the legislature meant any such thing. I am therefore of opinion that the statutory notice was not admitted, and was a necessary fact to be proved by the plaintiffs, whatever view may be taken of the contents and shape of the declaration. No evidence was admitted to show the notice, and the only offer of proof on the subject was, that "on the first day of July,

CLARK v. ADAMS.

1874, these plaintiffs caused to be mailed to each of the said defendants a notice in the words and figures following, to-wit:" and setting out a copy of the notice itself.

This offer, as will be observed, did not include a proposal to prove that the notice was directed to each defendant at his place of residence, or that full postage, or any postage, was paid; and this was fatal. The legislature regarded this notice as vital, and not only forbade suit without it, but carefully prescribed the mode of giving it, so as to ensure as far as practicable the effectiveness of service. It is a general rule that when service is sought to be made by mail, it should appear that the conditions on which the validity of such service must depend had existence, otherwise the evidence must be deemed insufficient to establish the fact of service.

The plaintiffs, then, neither made nor offered to make a case entitling them to recover. On the contrary, if we presume they offered all the proof the truth permitted, as to the sufficiency of the service of notice under the statute, they showed themselves not entitled to maintain the action.

The judgment should be affirmed, with costs.

COOLEY, CH. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.