## Francisco P. Woodruff and another v. Caleb Ives and another.

*Log-lien law: Special proceedings: Construction: Affidavit.* The proceedings under the log-lien law (*S. L. 1873, p. 466*) are special and must conform strictly to the statute; and the affidavit for attachment, therein provided for, is jurisdictional, and if it omits any material allegation which the statute requires, the writ will afford no protection to the officer executing it, and he will be guilty of conversion for seizing property upon it.

*Log-lien law: Affidavit: Kind of services performed.* An affidavit for such writ, which alleges that the plaintiffs performed labor upon the logs sought to be attached, but fails to specify the kind of labor or services performed, or to show that it was labor or services of the specific character prescribed by the statute, is fatally defective.

*Jurisdictional defects: Appearance and plea to the merits: Waiver.* And such a defect is not a mere irregularity that will be waived by the defendants appearing in the suit and pleading to the merits.

*Submitted on briefs June 8.    Decided June 20.*

Error to Saginaw Circuit.

*William H. Sweet*, for plaintiffs in error.

*D. W. Perkins*, for defendants in error.

MARSTON, J:

Defendants in error brought trover to recover the value of certain pine saw logs converted by plaintiffs in error, who justified as sheriff and deputy sheriff of Saginaw county, under two certain writs of attachment issued out of the circuit court of said county commanding them to attach and safely keep the logs in question.

The plaintiffs in the attachment suits claimed a lien upon these logs, for work and labor performed thereon, under and by virtue of *Act No. 185 of the Sess. Laws of 1873, p. 466,* and the attachment was issued under the provisions of that act to enforce the lien.

The court instructed the jury that the affidavits attached to the writs were defective in not stating what kind of labor or services were performed by the plaintiffs in the writs, whether it was of that kind or character such as would entitle them to a lien upon the logs; that the officers had no authority therefore to seize the logs, and were guilty of a conversion in so doing.

Section 1 of the act referred to gives any person who may perform "any labor or services in falling, cutting, hauling, banking, driving or running any logs or timber in this state, a lien thereon for the amount due for such labor or services." The person claiming such lien is required to take certain steps for the purpose of keeping his lien in force, and within three months after filing his statement, he may enforce his lien by attachment against the logs. The proceedings and process in such cases shall, as near as may be applicable, follow the general statutes relating to attachments. The statute further provides that, before any attachment shall be executed, an affidavit shall be annexed thereto, setting forth the amount of indebtedness, as near as may be, over and above all legal set-offs; and such affidavit shall also show that the indebtedness is due for and on account of such labor and service on such logs or timber as entitles the plaintiff to a lien thereon; describing as particularly as may be the logs and timber."—§ *4.*

WOODRUFF v. IVES.

The affidavits set forth that Perkins & Ives, the owners of the logs, employed Andrew Wendell to skid, haul and deliver these logs at West's mill, where they were delivered by said Wendell and then remained there; "that plaintiffs (in the attachment suits) were employed by and performed labor upon said logs for said Wendell in January, February and March, 1874; that there is now due to said plaintiffs, from said Wendell, for the labor performed by said plaintiffs as aforesaid, for the labor aforesaid, the sum of," etc. This is the only reference in the affidavits tending to show the kind of labor or service performed by the plaintiffs in the attachments upon the logs, and it utterly fails to show that they performed any labor or service on the logs which would entitle them to a lien thereon under the statute.

It was held in *Clark v. Adams, 33 Mich., 159*, that a party asserting this lien must be held to a strict compliance with the legal provisions in regard to the nature of the claim and the steps prescribed for the institution and perfection of the lien.

The proceedings in these cases under this act are special and must strictly follow the statute. The affidavit required by the statute is essential to confer upon the court or officer jurisdiction, and if it omits any material allegation which the statute requires it to contain, the officer would have no authority to execute the writ by seizing the logs, and should he do so he would be guilty of a conversion. The plaintiffs in the attachment suits might well have performed labor for Wendell upon said logs, and yet the labor not be of that kind which would give them a lien.

Nor do we think that the defendants in the attachment suits by appearing and pleading to the merits waived this question. It was not a mere irregularity which might be waived in this way.

The judgment must be affirmed, with costs.

The other Justices concurred.