Stevens vs. Wheeler and others.

*Time for appealing: Service of notice by mail.*

1. Under ch. 264 of 1860, which requires notice of appeal to be served on the clerk and the respondent within the time limited for appealing, such a notice mailed (to the clerk or attorney residing in a different place) on the evening of the last day for appealing, and not received until a subsequent day, is too late.

2. Sec. 39, ch. 140, R. S., which declares that when service is made by mail as provided in the two preceding sections, "it shall be double the time required in case of personal service," appears to limit such service to notices of acts to be done in the future, and to exclude notices of acts done.

APPEAL from the Circuit Court for *Walworth* County. This appeal was taken by several of the defendants from an order overruling their demurrer to the complaint. Plaintiff moved to dismiss the appeal upon grounds which will sufficiently appear from the opinion.

*George B. Smith,* for the motion.

*Samuel Bishop, contra.*

RYAN, C. J. The notice of appeal was mailed at Whitewater, on the evening of the last day for appealing, to the respondent's attorneys at Delavan, and to the clerk of the court below at Elkhorn; and was not received by either until some five days after.

The appellant claims that the service was good under secs. 37, 38 and 39, ch. 140, R. S., which provide that service of papers may be made by mail, when the parties reside in different places; and that when service is so made, "it shall be double the time required in case of personal service."

The latter clause appears to limit service by mail to papers relating to acts to be done in the future, and to exclude notices of acts done. When a statute or rule requires notice of an act done to be given within a time limited, there is no time of service to be doubled; and the provision of the sections in question is wholly inapplicable.

Ch. 264 of 1860 positively requires notice of appeal to be served on the clerk and the party, within the time limited for appealing. And if there were a conflict between the two provisions, the latter must of course prevail. But we think that, in the view we take of the provision of ch. 140, the two may well stand together.

*By the Court.* — The appeal is dismissed.