JOHN B. ELLISON et al., appellants,

*v.*

IRENÆUS H. LINDSLEY, assignee &c., respondent.

1. The time limited for creditors to file their claims with an asignee, under an assignment for the benefit of creditors, expired on the 8th day of January. On that day, the appellant, a creditor residing in Philadelphia, discovered that fact, although, by misreading his own entry, he had previously supposed

Ellison *v.* Lindsley.

the 18th of January was the last day.  He thereupon forwarded his claim to the assignee, at Newark, by mail, which ought to have been delivered at five o'clock in the afternoon, but was not, in fact, delivered until the next day. *Held,* that such claim was neither " presented ". nor " exhibited " to the assignee, within the terms of the statute, within the time limited.

2. The orphans court has no power to relieve such creditor on the ground that his omission to file his claim in due time arose from his mistake, and not from mere negligence.

Appeal from decree of Essex orphans court.   On state of the case and briefs of counsel.

*Mr. F. S. Fish,* for appellants.

*Mr. J. E. Howell,* for respondent.

THE ORDINARY.

The time within which the claims of creditors of Herbert G. Hoole, a debtor who had assigned his property under our assign-

---

NOTE.—A notice of amercement must be served personally on a sheriff, and not sent by mail (*Anon., 1 Hal. 159*).  Proof of putting into the post-office a letter containing a notice, is not sufficient proof of service (*Anon., 6 Hal. 94; Hudson* v. *Henry, 1 Caines 66; Hickey's Case, I. R. (10 Eq.) 117;* see *Futcher* v. *Hinder, 1 F. & F. 357*).   Where a plea was sent by mail in time, a judgment of default for want of its having been received, was opened (*Ludlow* v. *Heycraft, 2 Caines 386; Cole* ads. *Stafford, Cole & Caines Cas. 110; Stafford* v. *Cole, 1 Johns. Cas. 413*); so, where the plea was received by the plaintiff's attorney, who, on inspection, refused to take it from the post-office (*Clark* v. *McFarland, 10 Wend. 635*).  Notice of trial may be served by post, unless its receipt be denied (*McCourry* v. *Suydam, 5 Hal. 245*); and notice to substitute another solicitor (*Draper* v. *Holland, 3 Edw. Ch. 272*); and notice to give security for costs (*Abbot* v. *Ledden, Bert. (N. B.) 33*).  Willful refusal to take from the post-office a letter containing process is not service thereof (*Redpath* v. *Williams, 3 Bing. 443.*  CONTRA, *Aldred* v. *Hicks, 3 Taunt. 186*).  Delivery of process sealed up in a letter, in the absence of the person to whom it is addressed, is only service from the time when such letter is opened (*Arrowsmith* v. *Engle, 3 Taunt. 234*).  Service of notice to quit, sent by mail by a landlord to his tenant, is invalid (*Papillon* v. *Brunton, 5 H. & N. 513;* see *May* v. *Rice, 108 Mass. 150*).

*Query*—Whether depositions taken under a foreign commission may be returned by mail (*Simms* v. *Henderson, 11 Q. B. 1014*).

The officer is not bound to take from the post-office a letter containing process, on which the postage is unpaid.  (*Hart* v. *Weatherley, 4 Dowl. P. C. 171; Anon., 1 Hill 217; Bross* v. *Nicholson, 1 How. Pr. 158*).

That a *capias* in another suit and a notice of amercement were mailed to-

ment act, were, by law, to be put in to entitle the holders to a dividend, expired on the 8th of January. The appellants were creditors, and intended to file their claim within the limited period, but being under a mistake, up to the 8th, as to the time when it ended (they supposed it expired on the 18th instead of the 8th), they delayed filing it until the 8th, on which day they discovered their mistake. On that day they mailed their claim, at Philadelphia, to the assignee, at Newark, in time to reach the latter place so as to be delivered by the letter-carrier to the assignee at about five P. M. of that day. It was not, in fact, delivered to him until the next day. It does not appear that it reached Newark before the 9th. On exception to it by the assignee, the orphans court rejected it as not filed in time, and hence this appeal. The only question presented for decision is, whether such posting of the claim was a " presenting " (the term used in the third section of the act) or " exhibiting " (the term employed in the twentieth section) of the claim within the limited

gether, in one envelope, to a sheriff, more than ten days before the beginning of the term, and the *capias* duly served and returned, is not sufficient proof that the sheriff received the notice more than ten days before the beginning of the term (*Melvin* v. *Purdy, 2 Harr. 162*); although sufficient as to their receipt, (*Smith* v. *Campbell, 6 Dowl. P. C. 728*).

Notice of an allotment of shares sent by mail to a stockholder, and never received, is good. (*Harris's Case, L. R. (7 Ch.) 587; Townsend's Case, L. R. (13 Eq.) 148; Watts's Case, L. R. (15 Eq.) 18;* but see *Reidpath's Case, L. R. (11 Eq.) 86; British Co.* v. *Colson, L. R. (6 Exch.) 108*).

Whether the person to whom a letter is directed, after satisfactory proof of mailing it, ever received it, is a question for the jury (*Starr* v. *Torrey, 2 Zab. 190; President* v. *Hart, 3 Day 491; Greenfield Bank* v. *Crafts, 4 Allen 447; Tanner* v. *Hughes, 53 Pa. St. 289; Warren* v. *Warren, 1 C. M. & R. 250*).

As to the presumption from the senders, usual course of business, see *Hethlington* v. *Kemp, 4 Camp. 193; Skilbeck* v. *Garbett, 7 Q. B. 846; Ward* v. *Loudesborough, 12 C. B. 252; Spencer* v. *Thompson, 6 Ir. C. L. 537*.

Whether the postmaster could be held responsible, see *Whitfield* v. *Despencer, Cowp. 754; Hordem* v. *Dalton, 1 C. & P. 181; Ford* v. *Parker, 4 Ohio St. 576; Sawyer* v. *Corse, 17 Gratt. 230; Fitzgerald* v. *Burrill, 106 Mass. 446; Keenan* v. *Southworth, 110 Mass. 474,* and cases cited; *Foster* v. *Metts, 55 Miss. 77; Conwell* v. *Voorhees, 13 Ohio 523; Hutchins* v. *Brackett, 22 N. H. 252; 2 Thomp. on Neg. 819, 898.*

Notice sent by mail to South Carolina, during the rebellion, was held invalid (*Harden* v. *Boyce, 59 Barb. 425; Todd* v. *Neal, 49 Ala. 266; Donegan* v. *Wood, Id.*

Ellison *v.* Lindsley.

period, within the meaning of the act. It certainly cannot be held to be so. If mailing the claim in time to reach the assignee by due course of mail, if no delay should occur, were to be held to be equivalent to presenting or exhibiting the claim, though it should not reach the assignee, it would, of course, be so on any other day than the last day of the limited period as well as on that day. The statute imposes on the assignee the duty of filing a true list of all the creditors of the assignor, as shall claim to be such, and requires that he do so at the expiration of three months from the date of the assignment. *Rev. 37 § 5.* And to that end the creditors are to present their claims under oath or affirmation. *Rev. 37 § 3.* If they fail so to exhibit their claims within the time limited by the act, their claims will be barred of a dividend unless the estate shall prove sufficient, after the debts exhibited and allowed are fully satisfied, or they shall find some other estate not accounted for by the assignee, before distribution, in which case they shall be entitled to a ratable proportion there-

*242; McQuiddy* v. *Ware, 20 Wall. 14; Hopkirk* v. *Page, 2 Brock. 20; Citizens' Bank* v. *Pugh, 19 La. Ann. 43; Shaw* v. *Neal, Id. 156; Lapeyre* v. *Robertson, 20 La. Ann. 399).*

Where a substituted service of process, &c., by mail, is authorized by statute, a strict compliance therewith must be shown (*Rogers* v. *Rogers, 3 C. E. Gr. 445; Tate* v. *Tate, 11 C. E. Gr. 56; Gaffney* v. *Bigelow, 2 Abb. N. C. 311, and note; 1 Dan. Ch. Pr. 435; Jacobs* v. *Hooker, 1 Barb. 71; Anon., 25 Wend. 677; Chataque Bank* v. *Risley, 6 Hill 375; People* v. *Alameda Co., 30 Cal. 182; Gray* v. *Palmer, 9 Cal. 616; Sharp* v. *Dangney, 33 Cal. 505; Wallace* v. *Wallace, 13 Wis. 224; Ritten* v. *Griffith, 16 Hun 454; Foley* v. *Connelly, 9 Iowa 240; Clark* v. *Adams, 33 Mich. 159; Wilson* v. *Basket, 47 Miss. 637).*

As to mistakes or omissions in the name or address, see *Walter* v. *Haynes, Ry. & Moo. 149; Gordon* v. *Strange, 1 Exch. 477; Oothout* v. *Rhinelander, 10 How. Pr. 460; Smith* v. *Smith, 4 Greene (Iowa) 266; Leonard* v. *New York Bay Co., 1 Stew. Eq. 192; Likens* v. *McCormick, 39 Wis. 313; Scorpion Co.* v. *Marsano, 10 Nev. 370.*

Such service is effected, generally, only from the time when the notice is received (*May* v. *Rice, 108 Mass. 150; Reg.* v. *Leonimster, 2 B. & S. 391; Reg.* v. *Slawstone, 18 Q. B. 388; Colvill* v. *Lewis, 2 C. B. 60; Reg.* v. *Richmond, E. B. & E. 253; Stevens* v. *Wheeler, 43 Wis. 91; Schenck* v. *McKie, 4 How. Pr. 245; Peebles* v. *Rogers, 5 How. Pr. 208; Crittenden* v. *Crittenden, Id. 310; Morris* v. *Morange, 17 Abb. Pr. 86;* see, however, *Radcliff* v. *Van Benthuysen, 3 How. Pr. 67; Van Horne* v. *Montgomery, 5 How. Pr. 238; Elliott* v. *Kennedy, 26 How. Pr. 422; Schuhardt* v. *Roth, 10 Abb. Pr. 203).*—Rep.

from. *Section 20.* A claim sent by mail may, of course, never reach the assignee. The creditor who has recourse to that method of transmitting his claim takes the risk of its reaching its destination in due time. The assignee is to know who are the creditors who make claim as such by their act in presenting or exhibiting their claims within the prescribed period.

It is urged, in this case, that the failure to present the claim at an earlier day was due to a mere mistake on the part of the appellants, and that that fact entitles them to a consideration which they could not claim if they were guilty of negligence. The alleged mistake was wholly their own. It arose from misreading the entry, in their own book, of the time when the limitation would expire. The orphans court has no power to relieve the appellants from the consequences of their mistake. The language of the statute is clear, and the court was not at liberty to extend it by construction. *Proprietors of Morris Aqueduct Co.* ads. *Jones,* 7 *Vr. 206; Stelle* v. *Conover,* 3 *Stew. Eq. 640.* In this connection it may be added, though it has no bearing on the conclusion reached, that the appellants had time enough, after they discovered their mistake, to present their claim to the assignee; their error was in trusting to the mail rather than to send a messenger.

The decree of the orphans court will be affirmed, with costs.