Siiauck, J.
Many of the facts stated in the foregoing finding are immaterial in our view of the case, but they are found to the end that if there should be a review of our judgment, counsel may present the case according to their own views.
The evidence fails to fasten upon Monypeny any imputation of a.desire to purchase the property at less than its value. The executor was attending faithfully to his duties. He and Monypeny were represented by different counsel, whose known honor and fidelity, to professional duty forbids a suspicion of collusion. Monypeny’s advertisement of the sale beyond the requirements of the statute, and at his own expense, makes it doubtful if he expected to purchase at all.
• Rut, notwithstanding the good faith of the purchaser, counsel for plaintiffs, contend that they are entitled to relief because *561 in the partition suit the eourt did not -have jurisdiction of their persons, nor of the subject-matter'of the suit, and because Monypeny was within the rule of equity;, which forbids trustees to purchase at their Own sales.
In the case óf Long v. Mulford, 17 Ohio St. 485, which is pressed upon our attention1 as conclusive,- the court gave much consideration to the facts that the defense of a guardian ad litem was not called to the attention of the court, and that an actual fraud had been perpetrated under the forms of a judicial inquiry. We aré to determine a case in which there was no fraud, and in which the fights' of the infants were before the eourt, for' those rights all rested upon the will of their father which was fully set out in the.petition for partition.
The clerk did not make upon the appearance docket an entry of the fact that he had mailed to each of the absent defendants a copy of the published notice, as directed by section 5048 of the Revised Statute. There'is, however, no provision of the statute which by its te,rms, or by proper construction, makes this memorandum of the clerk' exclusive evidence of the mailing of such copies.
In accordance with the familiar principle that parol evidence may be offered in aid óf a record, though not in contradiction of it, we regard the evidence presented to us upon this point as competent to show that the clerk'in fact mailed such copies. Its effect is to establish the fact that he complied with that provision of the statute, even if we assume that the burden is on the defendant. Wilson et al. v. Basket et al., 47 Miss. 637.
But the record in the partition suit is not silent upon the subject. The court“ upon the exhibits and evidence found that due notice of the pendency of the action had been given according to the statute in such case made and provided.” Findings of fact made by courts of record- in the exercise of jurisdiction, are conclusive.. Although there is much reason and authority for denying conclusiveness to its findings regarding facts upon which its jurisdiction-depends, a presump *562 tion should be indulged in favor of the jurisdictional fact found. Freeman on Void Judical Sales, sec. 8; Rhodes v. Gunn, 35 Ohio St. 387 ; Callen v. Ellison, 13 Ohio St. 446. But whatever the presumption may be, the evidence shows that the clerk in fact mailed the copies. It follows that jurisdiction of the persons of these plaintiffs was obtained in the partition case. Freeman, Judgments, 127.
The conclusion that the court had jurisdiction of the persons of these plaintiffs furthers the inquiry as to its “jurisdiction over the subject of the action,” as it has been called in the argument. The claim is, not that the court of common pleas did not have jurisdiction to apart lands among tenants in common, but that because Monypeny, alone, was entitled to the possession of the lands, he holding one moiety in his individual right and the other as trustee under the will of English, the court did not have before it a proper case for the exercise of that jurisdiction. This is upon the theory that an order in partition does not affect title, but possession only. Most of the decisions cited by counsel for plaintiffs upon this point and of their deductions from them are without application to suits in partition since the revision of the statutes in 1880. It has been repeatedly held by this court that all suits in partition are now civil actions, and that I believe to be the uniform holding of the courts of the state. “The civil action of the code is a substitute for all such judicial proceedings as were previously known either as actions at law or suits in equity.” Chinn v. The Trustees, 32 Ohio St. 236 ; Commissioners v. The State, 49 Ohio St. Monypeny’s right to have these lauds aparted was determined in the former case. To that determination there attaches the usual incident that the judgment is conclusive of all questions which might have been, as well as those which were, controverted in the case.
But if the question were open, we could not arrive at a different conclusion upon this point. It is inaccurate to say that Monypeny accepted the provisions of the will of English. No provisions were made for him in the will, and the case *563 presents no equitable considerations upon which he can be held to have waived his right as a tenant in common to have the lands partitioned at any time he might choose to do so. Cheeseman v. Thorne, 1 Edw. Ch. 629.
But the chief reliance of counsel for the plaintiffs is upon the proposition that Monypeny’s qualification as trustee under the will made him amenable to the rule that a trustee cannot purchase at his own sale. This rule is too firmly established to admit of question. It is founded upon considerations of policy, and, where the trustee is actually both vendor and purchaser, it supersedes all inquiry as to the fairness of the-sale, or the adequacy of the price. In the multitude of reported cases in which this rule has been extended and applied,, there are many irreconcilable contradictions. They are, however, in accord upon the proposition that if the trustee controls the sale, he cannot, either personally, or by another who-acts in his behalf, become the purchaser. Within the rule-thus stated, consideration is due to the fact that althoughMonypeny filed the petition for partition, the action taken upon his petition was by the court, and the property was offered for sale by the court through its executive officer, the sheriff,, who had unrestricted control of the sale, subject to the approval of the court. In Chorpening’s Appeal, 32 Pa. St.. 315, Thompson, J., speaking of such a sale, says: “ The-reason of the law is its life, and unless some advantage might be gained by reason of the relation (that of trustee), the principle does not apply.” To the same effect are Fisk v. Barber, 6 Watts & S. 18 ; Prevost v. Gratz, Peters C. C. 364.
It is true that Monypeny had qualified as trustee under the will, but to ascertain the character and purpose of the trust, reference must be had to the provisions of the will. The second item of the will makes him a trustee to manage the property, and account for the rents thereof to the executor, Gilmore. It also provides that he may sell the testator’s moiety when he should see proper to sell his own. No title is devised *564 to him, and no poAver to convey is expressly given. Assuming that the power to convey might be implied from these provisions, if this item stood alone, that implication is forbidden by the tenth item, Avhich expressly devises all the testator’s real estate to his executor. There can be no proper interpretation of a Avill which does not regard its scheme and of all of its provisions. Looking to the entire Avill, it seems quite clear that the testator contemplated that his real estate might remain in the condition it was then in, until his youngest child should attain the age of twenty years; but if in the meantime Monypeny should choose to sell his moiety of the property in controversy, he might include the testator’s moiety in his bargain, and the executor should convey. Monypeny’s trust did not include the power to alienate the title to the testator’s moiety of this property, and it Avas not enlarged by the fact that at the request of Watson & Hoffman, he attempted to aid their title to the parcel sold to them by conveying as trustee. He was not a trustee of his own wrong, but by the provisions of the will.
Whatever may have been his powers as trustee under the Avill, it is entirely clear that Monypeny exercised no such power in instituting and prosecuting the suit which ended in this sale. In so doing, he exercised only the rights Avhich the statute conferred upon him as a tenant in common in lands. It would seem obvious that rules contrived to prevent the abuse of their powers by trustees, should not be applied in cases where no such powers are exercised.
Counsel for the defendant contend that as the executor, upon whom it is admitted proper service was made, was vested with the legal title to the English moiety of these lands, no other party defendant was necessary in the partition suit; and that the present action cannot in any event be maintained while the plaintiffs are in the possession of the lands aparted to them and receiving the benefits of the moneys paid by Monypeny upon his purchase. A consideration of these points could, a most, only develop additional reasons for rendering *565 judgment in favor of the defendant, and we content ourselves with those already given.
Powell, Owen, Ricketts & Black, and Fairbanks, Smith & Steele, for plaintiffs.
Harrison, Olds & Henderson; Booth & Keating and Nash & Lentz, for defendant.
Petition will be dismissed.