GREEN LAKE COUNTY, Appellant, vs. CITY OF EAU CLAIRE, Respondent.

*February 5—April 30, 1918.*

*Municipal corporations: Claims: Notice of disallowance served by mail: Doubling of time for appeal.*

The twenty days allowed by sec. 25, ch. VII, of the Eau Claire city charter (Laws 1889, ch. 184) for an appeal from the disallowance of a claim by the common council is doubled, under sec. 2822, Stats., where the claim was one made by the county for aid furnished to poor persons and notice of its disallowance was served by mail as provided in secs. 1512, 2821,—such appeal, though not a "proceeding in a court of record," being the commencement of an action in such a court and the proper, if not the only, way to proceed against the city.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Judge. *Reversed.*

Claim against the city of *Eau Claire* for aid furnished to a poor person while in *Green Lake County.* A nonresident poor person whose residence is alleged to be in the city of *Eau Claire,* while at the city of Berlin in *Green Lake County* was taken suddenly ill and was furnished necessary surgical and medical attendance and hospital service, the reasonable value of which is alleged to be $120. *Green Lake County* paid this bill, and on March 29, 1916, filed its duly verified claim against the city of *Eau Claire* with the city clerk. On April 25, 1916, the claim was disallowed by the common council of the city of *Eau Claire.* On April 14, 1916, the city clerk of the city of *Eau Claire* mailed a notice of disallowance to the county clerk of *Green Lake County* by registered mail, which notice was received by the clerk of *Green Lake County* on April 15, 1916. *Green Lake County,* by its district attorney, undertook to appeal from the decision of the common council to the circuit court for Eau Claire county, and on May 12, 1916, mailed to the city clerk of the city of *Eau Claire* a notice of appeal, which was received by the city clerk on May 13, 1916, twenty-seven days after

the notice of disallowance was received by the county clerk of *Green Lake County.* The papers were transmitted to the circuit court for Eau Claire county, and upon motion judgment of the court was entered dismissing the appeal, and from the judgment so entered plaintiff appeals.

For the appellant there was a brief by *Philip Lehner* of Princeton, district attorney of Green Lake county, and *W. W. Downs* of Glenwood and *Adolph P. Lehner* of Oconto Falls, of counsel, and oral argument by *Philip Lehner.*

For the respondent there was a brief by *John B. Fleming,* corporation counsel, and *A. H. Shoemaker,* of counsel, both of Eau Claire, and oral argument by *Mr. Shoemaker.*

The following opinion was filed March 5, 1918:

ROSENBERRY, J.   It is claimed by the plaintiff that by virtue of the provisions of sec. 2822, Stats., the notice of disallowance · of the claim having been served by mail as provided in sec. 2821, the time within which an appeal might be taken was doubled, pursuant to the provisions of sec. 2822, and that the notice of appeal was served in time. The procedure in matters relating to claims of one municipality against another for aid furnished to poor persons is prescribed by sec. 1512, Stats. 1917.   The part thereof material here is as follows:

"The clerk of any town, city or village disallowing any such claim on the part of a county shall, within the same time and in like manner, give notice of such disallowance and until the same is received by the county clerk the time within which an appeal may be taken from such allowance or an action commenced shall not begin to run.   The mailing within such ten days, by the proper officer, of any notice herein provided for, in the manner provided by section 2821 of the statutes, shall be a sufficient service of such notice."

Sec. 25 of ch. VII of the revised charter of the city of *Eau Claire* (Laws 1889, ch. 184) reads as follows:

"When any claim of any person, persons, company or cor-

poration against the city shall be disallowed, in whole or in part by the common council, such person, persons, company or corporation may appeal from the decision of the council disallowing such claim to the circuit court of the county of Eau Claire by causing a written notice of such appeal to be served on the clerk of said city within twenty days after the action of said council in disallowing such claim, and executing a bond to the said city with a sufficient surety, to be approved by the clerk, or a court commissioner of Eau Claire county, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant by the court."

The real question is, of course, Does sec. 2822 apply to appeals taken pursuant to the provisions of the charter of the city of *Eau Claire* in cases within sec. 1512? Secs. 2821 and 2822 are under the title "Proceedings in civil actions in courts of record." Good reasons might be given why this section does not apply. We feel, however, that where possible the statutes should be so construed as to protect the rights of parties in furtherance of justice. While an appeal from the disallowance of a claim by the common council of the city of *Eau Claire* is clearly not a proceeding in a court of record, nevertheless it is the commencement of an action, and the proper way, if not the only way, to proceed against the city, and we think it was the intention of the legislature, in prescribing that notice of disallowance of the claim might be served in the manner prescribed by sec. 2821, that service so made should be followed by the consequences provided in sec. 2822, and that the notice of appeal, therefore, in this case was in time. This seems a natural and reasonable construction, and if it does not conform to the legislative intent the remedy is plain and simple.

It is claimed that *Stevens v. Wheeler,* 43 Wis. 91, rules this case. In that case there was an appeal from an order overruling a demurrer. It does not appear that there was any notice of entry of the order, but on the evening of the

last day for appealing, appellant's attorney mailed a notice
of the appeal addressed to the clerk of the circuit court and
to the attorneys for the respondent, neither of which was re-
ceived by the parties to whom they were addressed . until
some five days later.   It may be true 'as said, that where a
statute or rule requires notice of an act done to be given
within a limited time there is no time of service to be
doubled and the provisions of the section in question are
wholly inapplicable.   But reading that part of sec. 1512
relating to disallowance of the claim and notice thereof to-
gether with sec. 25 of ch. ·VII of the charter of the city of
*Eau Claire,* it is plain that the time within which the appeal
must be taken commences to run not from the time the claim
is disallowed, but from the time notice thereof is received by
the county clerk, and that therefore when notice is given by
mail, as in this case, the time within which the appeal may
be taken is forty days and not twenty days, in accordance
with the provisions of sec. 2822, Stats.

*By the Court.*—Judgment reversed, and cause remanded
for further proceedings according to law.

The following opinion was filed April 30, 1918:

ROSENBERRY, J.   The motion for rehearing is based upon
two grounds: (1) because sec. 926—100, Stats., is decisive
of the question involved, and (2) because sec. 926—100,·
Stats., is not mentioned in the opinion of the court and was
apparently overlooked.

It is thought by the moving party that the decision in this
case in effect repeals the provisions of sec. 926—100, where
service of notice of the disallowance of a claim is made by
registered letter as therein provided.   The material pro-
visions of sec. 926—100 are as follows:

"If the claimant be a nonresident the clerk shall transmit
such notice by registered letter through the mail.   Any time

limited for appeal by the claimant from the determination of his claim by the council, shall begin to run when such notice is served, or when such registered letter is received."

The decision was intended to hold no more than that sec. 2822, Stats., applies to appeals taken pursuant to the provisions of the charter of the city of *Eau Claire* in cases within sec. 1512, Stats. Sec. 1512 prescribes how appeals in cases embraced within its terms shall be taken, how notice of the disallowance of the claim shall be served, and governs in matters of claims filed under that section and appeals taken from the disallowance thereof, and no further. It was not intended to hold, and the decision does not hold, that secs. 2821 and 2822, Stats., have any application to appeals taken pursuant to the provisions of sec. 926—100, except as to cases arising under sec. 1512.

*By the Court.*—Motion for rehearing denied, without costs.